UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/22/21
```

JOHN MANZELLA,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

20-CV-3765 (VEC) (SLC)

MEMORANDUM OPINION &
ORDER

VALERIE CAPRONI, United States District Judge:

    Plaintiff John Manzella brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the Commissioner of the Social Security Administration ("SSA")'s denial of his application for Disability Insurance Benefits ("DIB"). *See* Compl., Dkt. 1. On May 21, 2020, the Court referred this matter to Magistrate Judge Cave for the preparation of a Report and Recommendation ("R&R"). Order of Reference, Dkt. 6. The parties have since cross-moved for judgment on the pleadings. *See* Nots. of Mot., Dkts. 18, 24. On October 27, 2021, Magistrate Judge Cave issued an R&R recommending that Plaintiff's motion be granted, that the Commissioner's motion be denied, and that the case be remanded for further proceedings. R&R at 2, Dkt. 29. In the R&R, Judge Cave notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings. *Id.* at 39. Judge Cave further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review. *Id.* (using capital letters and bold font). Neither party filed objections. For the following reasons, the Court ADOPTS the R&R in full. Plaintiff's motion is GRANTED, Defendant's cross-motion is DENIED, and the case is REMANDED for further proceedings consistent with Judge Cave's R&R.

1

## DISCUSSION

In reviewing final decisions of the Social Security Administration ("SSA"), courts "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (quoting *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008)). "'Substantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made — here, the entire R&R — "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Serv., Inc.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Careful review of Judge Cave's R&R reveals that there is no clear error in her conclusions. Judge Cave evaluated the Administrative Law Judge's ("ALJ") decision using the right standard of review, finding that the ALJ failed to develop adequately the record. R&R at 27–28, 30–34. It is clear Judge Cave thoroughly reviewed the record, including Mr. Manzella's medical history, the observations of his several treating physicians, and the ALJ's failure to incorporate properly these medical sources into the record. *See* R&R at 2–12, 30–34.

To summarize briefly: Mr. Manzella applied for benefits on August 14, 2017, alleging that he became disabled on July 31, 2017. Pl. Mem. at 1, Dkt. 19. Among other issues, his claim

for DIB arose from issues with both of his hands, including from Dupuytren's syndrome; back pain; high cholesterol; and high blood pressure. R&R at 3; Pl. Mem. at 2–4. After the SSA denied Mr. Manzella's application on October 4, 2017, he requested a hearing before an ALJ, which occurred on March 7, 2019. R&R at 2 (citations omitted). The ALJ determined that Mr. Manzella was not disabled under the Act — a decision that was denied review by the Appeals Council. Administrative Record ("Record") at 1–5, 163–66, Dkt. 16. The ALJ relied on the five-step process required under the Act to determine whether an individual has a disability. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v). These steps require evaluating: (1) whether the claimant is performing substantial gainful activity, which precludes a disability finding; (2) the medical severity of the impairments; (3) the same, but under the Act's listings, which define certain impairments as inherently disabling; (4) the claimant's residual functional capacity ("RFC") and past relevant work; and (5) that same capacity assessment in combination with the individual's age, education, and work experience. *Id.* The ALJ found that Mr. Manzella had not performed substantial, gainful activity since he allegedly became disabled; that some of Mr. Manzella's impairments significantly limited his ability to perform basic work activities, but that others did not; that Mr. Manzella's statements of the severity of his symptoms and limitations were unsupported by the evidence; and that Mr. Manzella was capable of performing certain forms of work. Record at 15–17, 21–22. The ALJ's RFC finding relied primarily on the testimony of an examiner who rendered an opinion 18 months prior to Mr. Manzella's hearing, as well as assessments of two medical professionals who examined Mr. Manzella once or not at all. Pl. Mem. at 19–21. These findings led the ALJ to conclude that Mr. Manzella is not disabled. Record at 22.

 To evaluate the ALJ's findings, Judge Cave correctly applied the "substantial evidence"

standard.  R&R at 18 (citing 42 U.S.C. § 405(g)).  There must be "more than a mere scintilla" of evidence for an ALJ's conclusions to meet this standard.  *Selian*, 708 F.3d at 417.  Judge Cave also noted that "the ALJ has an affirmative obligation to develop a complete administrative record" in disability-benefits proceedings.  R&R at 19 (citation omitted).  Most of the parties' dispute, and therefore most of Judge Cave's analysis, focused on whether the ALJ's RFC finding was supported by the evidence.  To that end, Judge Cave found that the ALJ failed to develop adequately the record because the ALJ improperly relied on inadequate medical sources to provide an RFC assessment.  *Id.* at 30.  In fact, the only medical source to provide explicitly an RFC assessment incorrectly described Mr. Manzella's diagnosis.  *Id.*  This is especially egregious in light of the four medical professionals who treated Mr. Manzella more closely who could have better described his medical conditions to the ALJ.  *Id.*  None of Mr. Manzella's treating physicians is included in the Record for the purpose of assessing his functional limitations.  *Id.* at 31.

While other arguments were raised by both parties, *see id.* at 34–38, Judge Cave's recommendation turns on the inadequacy of the Record developed by the ALJ.  The Court finds no clear error in Judge Cave's thorough analysis of the Record and her application of the substantial evidence standard and agrees with her conclusion.  The plethora of medical evidence otherwise available to the ALJ in this case, weighed against the thin evidence on which the ALJ relied in order to come to a conclusion with respect to Mr. Manzella's disability status, does not reflect the kind of "substantial evidence" disability-benefit proceedings require.

## CONCLUSION

With no clear error in Judge Cave's analysis or conclusions, the Court adopts the R&R in full.  For the foregoing reasons, Plaintiff's motion to remand the case for further administrative

proceedings is GRANTED.  Defendant's motion for judgment on the pleadings is DENIED.

Because the R&R gave the parties adequate warning, *see* R&R at 39, the failure to file any objections to the R&R precludes appellate review of this decision.  *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (citation omitted).

The Clerk of Court is respectfully directed to terminate all open motions and close this case.

**SO ORDERED.**

Date:  November 22, 2021
       New York, New York

                                      **VALERIE CAPRONI**
                                      **United States District Judge**